Carly M. Roman (SBN #349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

*Counsel for Plaintiff and Putative Class*

Todd Pickles (SBN 215629)
**GREENBERG TRAURIG, LLP**
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
picklest@gtlaw.com

Shirin Afsous (*pro hac* forthcoming)
**GREENBERG TRAURIG, LLP**
1750 Tysons Blvd., Suite 1000
McLean, VA 22102

*Counsel for TOMOCREDIT Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CARD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>TOMOCREDIT, INC.,<br><br>        Defendant. | Case No. 4:25-cv-11018-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 5, 2026<br>Time: 2:00 pm<br>Location: via Zoom<br>Judge: Hon. Haywood S. Gilliam Jr. |

Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Honorable Haywood S. Gilliam Jr.'s Standing Order for Civil Cases, Plaintiff Shawn Card ("Plaintiff") and Defendant Tomocredit, Inc. ("Defendant") (collectively, "the Parties") submit this Joint Case Management Statement in anticipation of the Case Management Conference on May 5, 2026. The parties submitted their initial Joint Case Management Statement on March 31, 2026 (ECF No. 16) and appeared for an Initial Case Management Conference via Zoom on April 7, 2026. *See* ECF No. 20. This matter is now set for a further Case Management Conference on May 5, 2026. *See* ECF No. 24.

## 1. **JURISDICTION AND SERVICE**:

The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, because the case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). No issues exist regarding personal jurisdiction or venue. Defendant has been served.

## 2. **FACTS**

Plaintiff alleged that Defendant violated the TCPA by repeatedly texting his residential telephone number, 570-XXX-XXXX. Plaintiff alleges he did not consent to the calls, and his number has been on the National Do-Not-Call Registry since September 10, 2025, but that he received at least 10 spam text messages from Defendant, advertising Defendant's credit and financial products. The principal factual issue in dispute is whether Defendant placed, or caused to be placed, the alleged text message solicitations to Plaintiff. Defendant denies that Plaintiff's claims have merit. Defendant further denies that any class could be certified in this action and that this action is appropriate for class treatment.

## 3. **LEGAL ISSUES**

The following issues are currently in dispute:

• Whether Defendant violated the TCPA, 47 U.S.C. § 227 by placing unlawful telemarking phone calls to Plaintiff. *Lyman v. Quinstreet, Inc.*, No. 23-cv-05056-PCP, 2024 U.S. Dist. LEXIS 123132, at *7 (N.D. Cal. July 12, 2024) ("To state a claim under 47 U.S.C. § 227(c), the

plaintiff must allege that he (1) is a residential telephone subscriber who (2) registered that telephone number with the Do Not Call Registry, and (3) nonetheless received an unsolicited call to that number initiated by a person or entity.").

- Whether the proposed "National DNC Class" should be certified. *Bumpus v. Realogy Brokerage Grp. LLC*, No. 3:19-cv-03309-JD, 2022 U.S. Dist. LEXIS 52650, at *4, *31 (N.D. Cal. Mar. 23, 2022) (certifying a "National Do Not Call Registry Nationwide" class under Rule 23(b)(3)).

- Whether the violations were willful or knowing. *Lyman*, 2024 U.S. Dist. LEXIS 123132, at *4 (the TCPA provides "$1,500 for each knowing and willful violation").

- Whether unsolicited text messages are prohibited by the TCPA. *Hall v. Smosh Dot Com, Inc.,* 72 F.4th 983, 986 (9th Cir. 2023) (plaintiff who "alleges that she was the owner and subscriber of a cell phone number on the Do-Not-Call Registry that received unsolicited text messages in violation of the TCPA" has standing to pursue claim under section 227(c) of the TCPA); *Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037, 1043 (9th Cir. 2017) (same); *Hudson v. Palm Beach Tan, Inc.,* No. 1:23CV486(WO)(JEP), 2024 U.S. Dist. LEXIS 165676, at *17 fn. 6 (M.D.N.C. Aug. 12, 2024) (holding that "there is no reason to assume that a text message could not be a call under subsection (c)(5).").

- Whether Plaintiff and the purported class members were damaged and the extent of damages for any such violations.

- Whether Plaintiff's phone number was re-assigned and the previous owner of Plaintiff's phone number had provided her consent to receive communications from Defendant.

### 4.   **MOTIONS**

The Parties filed a stipulation to extend Defendant's answer deadline to April 10, 2026. Dkt. No. 14. Defendant filed an answer on April 10. Dkt. No. 22. Plaintiff filed an administrative motion to consider whether cases should be related on April 10. Dkt. No. 21. Defendant did not file an opposition to Plaintiff's administrative motion. This case and *Johnson v. Tomocredit, Inc.* (Case No. 3:26cv1172) were related on April 16, 2026. Dkt. No. 23. Plaintiff anticipates filing a motion for class

certification. Defendant reserves the right to file any motions as necessary as the case progresses, including a motion to dismiss and a motion for summary judgment at the appropriate time.

### 5.    AMENDMENT OF PLEADINGS

Plaintiff does not currently anticipate any amendments to the complaint. The parties jointly propose to reserve the right to seek leave to amend any pleadings or defenses within 30 days after taking discovery.

### 6.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and the Checklist for ESI Meet and Confer. The Parties have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and have begun the meet and confer process pursuant to Rule 26(f). The Parties are aware of, and are taking reasonable steps to comply with, all evidence preservation obligations. The Parties do not anticipate any issues relating to the disclosure or discovery of ESI but agree to address such issues in the event they arise via meet and confer.

### 7.    DISCLOSURES

Plaintiff provided initial disclosures on April 30, 2026. Defendant agrees to provide initial disclosures by April 30, 2026.

### 8.    DISCOVERY

On March 19, 2026, Plaintiff agreed to defer issuing discovery for 30 days so the Parties could focus on early settlement discussions and evaluate whether an individual resolution would be appropriate in light of Defendant's financial condition.  On April 20, 2026, Plaintiff propounded Requests for Production of Documents, Interrogatories, and Requests for Admission. Plaintiff anticipates requiring deposition testimony of the Rule 30(b)(6) representative for Defendant, individual employees and/or agents of Defendant, and third parties with knowledge of information surrounding the alleged TCPA violations. Plaintiff respectfully reserves the right to depose additional witnesses. Defendant intends to depose Plaintiff and any other necessary witnesses identified through

the course of discovery, serve interrogatories based on the allegations in the complaint, and to propound document demands if the parties are unable to resolve this matter through their early settlement efforts.

The Parties propose that fact and expert discovery be conducted pursuant to the Federal Rules. The Parties believe that the limitations on discovery in the Federal Rules of Civil Procedure are appropriate, without the need for modification at this point. The Parties do not believe it is appropriate to conduct merits and class discovery in phases. The Parties will ask the Court to enter a Stipulated Protective Order and a Stipulated Order for Discovery of Electronically Stored Information, using the N.D. Cal. models as the base, with agreed-upon revisions. The Parties intend to submit the stipulated protective orders by April 30, 2026. Plaintiff provided proposed redlines to the Model Protective Order to Defendant on April 20, 2026, which Defendant is reviewing.

The Parties recommend and request that the Court adopt the following schedule for class certification experts, fact discovery, and class certification briefing. The Parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.

| EVENT | DUE DATE |
|---|---|
| Plaintiff's Motion for Class Certification and Class Expert Reports | February 3, 2027 |
| Defendant's Opposition to Motion for Class Certification and Rebuttal Class Expert Reports | March 17, 2027 |
| Plaintiff's Reply on Motion for Class Certification | May 12, 2027 |
| Fact Discovery Ends | June 16, 2027 |

### 9. CLASS ACTIONS

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements. Detailed proposals regarding the maintenance of the class action are provided *infra* in section 19. Plaintiff anticipates moving to certify a "National DNC Class" under Rule 23(b)(2) and Rule 23(b)(3)

on or before March 3, 2027. Plaintiff respectfully reserves the right to add, or otherwise modify, any classes or subclasses.

## 10.   RELATED CASES

There are two TCPA actions pending against Tomocredit in the Northern District of California: *Ramos v. Tomocredit Inc.*, Case No. 3:25cv8510, Judge Jacqueline Scott Corley (filed October 6, 2025), and *Johnson v. Tomocredit, Inc.*, Case No. 3:26cv1172, Judge Thomas S. Hixon (filed February 6, 2026). On April 10, 2026, Plaintiff filed an administrative motion to consider whether the cases should be related. Dkt No. 21. On April 16, 2026, the Court issued a Related Case Order, finding that the *Johnson* case is related to the instant case. Dkt. No. 23.

## 11.   RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, respectfully requests: (i) certification of the proposed Class; (ii) appointment of Plaintiff as Class Representative; (iii) appointment of the undersigned as Class Counsel; (iv) statutory damages pursuant to 47 U.S.C. § 227(c)(5); (v) attorney fees and costs, as permitted by law; and (vi) such other or further relief as the Court deems just and proper.

## 12.   SETTLEMENT AND ADR

The Parties are willing to discuss settlement and ADR. Per ADR L.R. 3-5, the Parties have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options, and considered whether the case might benefit from any of the available dispute resolution options. The Parties are considering early settlement options and remain open to ADR. After receiving Defendant's initial disclosures and discovery responses, Plaintiff is willing to participate in private mediation. Defendant does not believe private mediation is suitable at this time given the parties' on-going settlement discussions between counsel.

## 13.   OTHER REFERENCES

The Parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14.    NARROWING OF ISSUES

The Parties are not presently aware of any issues that can be narrowed by agreement. Plaintiff suggests an early production of **(1) call data** identifying the size and composition of the putative class, as well as **(2) consent records** to determine whether Defendant had prior express consent from any of the call recipients, would help expedite resolution of the case. Defendant opposes any expedited production of this "class" information identified in by Plaintiff in Paragraph 14 because Defendant believes the current putative class as defined by Plaintiff in the complaint is overbroad and improper.  Defendant will meet and confer with Plaintiff in connection with any properly propounded discovery requests.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## 15.    <u>SCHEDULING</u>

The Parties propose the following schedule:

| EVENT | DUE DATE |
|---|---|
| Completion of Private Mediation | August 3, 2026 |
| Plaintiff's Motion for Class Certification and Class Expert Reports | February 3, 2027 |
| Defendant's Opposition to Motion for Class Certification and Rebuttal Class Expert Reports | March 17, 2027 |
| Plaintiff's Reply on Motion for Class Certification | May 12, 2027 |
| Fact Discovery Ends | June 16, 2027 |
| Deadline to Amend Pleadings | June 16, 2027 |
| Motion for Summary Judgment and Motion to Exclude Expert Testimony | July 14, 2027 |
| Opposition to Summary Judgment and Opposition to Motion to Exclude Expert Testimony | August 11, 2027 |
| Reply in Support of Summary Judgment and Motion to Exclude Expert Testimony | September 8, 2027 |
| Hearing Deadline for Dispositive and Daubert Motions | October 6, 2027 |
| Trial Setting Conference | December 29, 2027 |
| Trial | January 13, 2028 (or a date mutually available for the Court and parties) |

Within fourteen (14) days of a ruling on Plaintiff's Motion for Class Certification, the Parties propose that they meet and confer to discuss modifications to the proposed schedule and/or to set a further schedule for any remaining necessary merits fact discovery, merits expert reports and/or any further discovery necessary prior to trial.

## 16.    <u>TRIAL</u>

Plaintiff requested a jury trial. The Parties anticipate that a class action trial would last approximately 5–7 days.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15 on March 10, 2026. Dkt. No. 12. Defendant filed its Corporate Disclosure Statement and Certification of Conflicts and Interested Entities or Persons on March 31, 2026. Dkt. No. 15.

**18.   PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   OTHER MATTERS – PLAINTIFF'S DISCLOSURES REQUIRED IN CLASS ACTIONS UNDER L.R. 16-9(B)**

**a.   Paragraphs of Rule 23 under which the action is maintainable as a class action.**

Plaintiff asserts that the action is maintainable as a class action under Rule 23(a), and Rule 23(b)(2), and Rule 23(b)(3).

**b.   Description of the class.**

Plaintiff has defined the proposed "National DNC Class" as "All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of its goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial." However, because discovery is ongoing, Plaintiff respectfully reserves the right to modify the class definition.

**c.   Facts showing Plaintiff is entitled to maintain the action under Rule 23(a) and (b).**

This action is maintainable under Rule 23. First, under Rule 23(a)(1), Defendant allegedly engaged in widespread telemarketing practices in violation of the TCPA. Thus, numerosity is sufficiently satisfied. Second, under Rule 23(a)(2), there are questions common to Plaintiff and the proposed Class, including (i) whether Defendant violated the TCPA by placing unlawful telemarketing text messages and calls, and (ii) whether the violations were willful or knowing. Thus, commonality is satisfied. Third, under Rule 23(a)(3), the claims of Plaintiff and the proposed Class all stem from

Defendant's telemarketing practices and arise under 47 U.S.C. § 227(c)(5). Thus, typicality is sufficiently satisfied. Fourth, under Rule 23(a)(4), Plaintiff and the proposed Class share the same injuries, interests, and claims. Additionally, Plaintiff has retained counsel with substantial experience in complex litigation and TCPA class actions in particular. Thus, adequacy is sufficiently satisfied.

The action is maintainable under Rule 23(b). First, final injunctive relief may be necessary to stop Defendant from placing telemarketing calls to the class. Second, under Rule 23(b)(3), common questions predominate, including (i) whether Defendant violated the TCPA, 47 U.S.C. § 227 by placing unlawful telemarketing phone calls, and (ii) whether the violations were willful or knowing. Additionally, a class action is superior because individualized litigation by hundreds or thousands of plaintiffs would be impracticable. Thus, predominance and superiority are satisfied.

### d. Proposed date for the Court to consider class certification.

Plaintiff proposes that he must file his Motion for Class Certification by March 3, 2027. Defendant denies that Plaintiff can or will meet any of the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure with respect to the putative class as defined by Plaintiff in its complaint. Defendant further retains the right to object and seek as protective order with respect to class discovery, including but not limited to the undue burden imposed in connection with any proposed class discovery and the overbreadth of Plaintiff's defined class as alleged in the complaint.

*[Counsel signatures to follow on next page.]*

Date: April 28, 2026

By: */s/ Carly M. Roman*
Carly M. Roman (SBN #349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com


*Attorney for Plaintiff and the Putative Class*


*/s/ Todd Pickles*
Todd Pickles (SBN 215629)
**GREENBERG TRAURIG, LLP**
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
picklest@gtlaw.com

Shirin Afsous (*pro hac* forthcoming)
**GREENBERG TRAURIG, LLP**
1750 Tysons Blvd., Suite 1000
McLean, VA 22102

*Counsel for TOMOCREDIT Inc.*

## SIGNATURE ATTESTATION

Pursuant to Local Rules 5-1(i) and 7-12, I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated: April 28, 2026      By: */s/ Carly M. Roman*
          Carly M. Roman

## CERTIFICATE OF SERVICE

I, Carly M. Roman, hereby certify that on April 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, via the ECF system.

Dated: April 28, 2026      By: */s/ Carly M. Roman*
          Carly M. Roman